UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GEONAR COLLADO ORTIZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al*.,

Respondents.

Case No.   1:26-CV-03970 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

This habeas action concerns the detention of Petitioner Geonar Collado Ortiz, a noncitizen who has lived in the United States since March 3, 2024.  Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* Dkt. Nos. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus, and resolves the motion for temporary restraining order as moot.[1]

I.      **BACKGROUND**

Petitioner is a citizen of Cuba who entered the United States in 2024. Dkt. No. 1 at 4.  Upon entry, he was encountered by a Border Patrol Agent near Lukeville, Arizona and "arrested and transported to the Tuscon Soft-Sided Facility for further processing[.]" Dkt. No. 7-1 at 3. After serving

---

[1] In setting a briefing schedule for the Petition and motion for a temporary restraining order, the Court indicated that it intended to rule directly on the Petition. *See* Dkt. No. 5. Respondents indicated in their combined response opposing the Petition and motion that they did not oppose this approach, and did not intend on filing any further briefing in response to the Petition. *See* Dkt. No. 7 at 1.

Case No.: 1:26-CV-03970-EJD

1

United States District Court
Eastern District of California

Petitioner with a Notice to Appear and charging him with removability under INA § 212(a)(6)(A)(i), the Department of Homeland Security ("DHS") then elected to release Petitioner on his own recognizance "per section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Regulations." *Id*. at 8, 12. Since his release over two years ago, Petitioner reunited with his family living in Florida, including his mother and two uncles, applied for asylum, and received work authorization from USCIS. *Id*. at 10–11.

Petitioner was re-detained by Immigrations and Customs Enforcement ("ICE") on January 29, 2026 following an arrest in Polk County, Florida for driving with a suspended license. Dkt. No. 7-1 at 17.  Aside from this single arrest—which Petitioner contends did not result in a charge or conviction—Petitioner has no criminal history. Dkt. No. 1 at 11. He is now being held at the California City Immigration Processing Center. *Id*.

On May 26, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his re-detention without a finding of flight risk or danger violates the Immigration and Nationality Act ("INA") (count 1) and the due process clause of the Fifth Amendment (count 2). *Id*. at 7. He requests that the Court either grant his immediate release or order a bond hearing before an immigration judge. *Id*. at 8.  In Respondents' two-page opposition, the Government relies entirely on its new interpretation of 8 U.S.C.§ 1225(b)(2) ("Section 1225") as mandating Petitioner's detention, a position Petitioner disputes. *See* Dkt. No. 7 at 1.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

Case No.: 1:26-CV-03970-EJD

United States District Court
Eastern District of California

2

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner asserts two claims for relief, including that his detention violates the INA (count 1) and the due process clause of the Fifth Amendment (count 2). Because Petitioner's procedural due process claim (count 2) affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's other claim for relief.

### a.    8 U.S.C. § 1225(b)(2) Does Not Apply to Petitioner.

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2) as Respondents contend. *See* Dkt. No. 7 at 1. This Court—as well as the majority throughout  the United States—have already concluded that applying Section 1225 to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases); *see also Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *4–11 (6th Cir. May 11, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *4–9 (2d Cir. Apr. 28, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. Sept. 30, 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3–7 (E.D.Cal. Oct. 17, 2025) (collecting cases); *Shoimov v. Chestnut*, No. 1:25-CV-1603 CSK, 2026 WL 35624, at *4 (E.D. Cal. Jan. 6, 2026); *Singh v. Bondi et al.*, No. 1:26-CV-0396 DC CSK P, 2026 WL 469169, at *3 (E.D. Cal. Feb. 19,

Case No.: 1:26-CV-03970-EJD

United States District Court
Eastern District of California

2026); *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KESSKO (HC), 2025 WL 3167826, at *5 (E.D.Cal. Nov. 12, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *3 (N.D. Cal. Aug. 21, 2025).  As such, Section 1225(b)(2) is not a lawful basis for detention.

### b.    Petitioner's Re-Detention Violated Due Process.

As the Government makes no further argument regarding the basis for Petitioner's detention, the Court next turns to Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### i.    Liberty Interest

The Government's election to release Petitioner "provided [him] with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-CV-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong

Case No.: 1:26-CV-03970-EJD

United States District Court
Eastern District of California

liberty interest). The regulations that authorize immigration authorities to release a noncitizen on his own recognizance require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). "Thus, DHS may generally not re-arrest a previously released noncitizen absent a change in circumstances." *Singh*, 2026 WL 468159, at * 2 (internal quotation omitted).

The record before the Court indicates that immigration authorities determined that Petitioner was neither a flight risk nor dangerous when they chose to release him into the United States over three years ago. *See* Dkt. No. 7-1 at 12. Since then, Petitioner has developed ties in the community—he lives with his family in Florida, and has sought various forms of immigration relief. *See* Dkt. No. 1 at 10–12. Respondents have not shown—and indeed do not argue—that any changed circumstances justified revocation of Petitioner's release. As such, since his release on his own recognizance over three years ago, Petitioner maintains a protected liberty interest in remaining out of custody.

### ii.    Due Process

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private

Case No.: 1:26-CV-03970-EJD

interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over three years. In the intervening time he has developed ties in his community, living with his family, applying for various forms of immigration relief, and working. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan S.*, 2025 WL 3167826, at *8 ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094. If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

Case No.: 1:26-CV-03970-EJD

United States District Court
Eastern District of California

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

1.   Respondents immediately release Petitioner Geonar Collado Ortiz from their custody.

2.   Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.   If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.   The Clerk of the Court is directed to close this case and enter judgment for Petitioner.


**IT IS SO ORDERED.**

Dated: June 16, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-CV-03970-EJD

7